UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JARRED PARTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00294-TWP-MJD |
| | ) | |
| JACKSON SHEPHERD, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY SCREENING COMPLAINT, DENYING IFP MOTION, GRANTING GARNISHMENT OF INMATE TRUST ACCOUNT, AND DIRECTING SERVICE**

On February 15, 2023, *pro se* Plaintiff Jarred Parton ("Plaintiff") initiated this civil action by filing his Complaint against Defendant Jackson Shepherd (Filing No. 1). Accompanying his Complaint, Plaintiff filed his "Prisoner Motion to Proceed *in Forma Pauperis*" (Filing No. 2). Thereafter, on February 27, 2023, Plaintiff filed his "Motion to Garnish Inmate Trust Account" (Filing No. 8). This matter is now before the Court to resolve the two pending Motions and for screening of the Complaint.

    **I.**    **Motion to Proceed *in Forma Pauperis* and Motion to Garnish Inmate Trust Account**

Plaintiff filed his "Prisoner Motion to Proceed *in Forma Pauperis*" ("IFP Motion") but failed to submit a copy of the transaction history associated with his institution trust account for the six-month period preceding the filing of this action. Thus, the Court ordered Plaintiff to submit the necessary transaction history by March 24, 2023, so that the Court could rule upon the IFP Motion. After the Court's Order, Plaintiff failed to submit a copy of the transaction history, and instead, Plaintiff filed his "Motion to Garnish Inmate Trust Account," asking the Court to garnish a percentage of his inmate trust account each month to pay his filing fee for this civil action.

In light of the Plaintiff's failure to submit a copy of his transaction history and his subsequent "Motion to Garnish Inmate Trust Account," the Court **DENIES** Plaintiff's "Prisoner Motion to Proceed *in Forma Pauperis*" (Filing No. 2) and **GRANTS** his "Motion to Garnish Inmate Trust Account" (Filing No. 8). Plaintiff is obligated to make monthly payments of 20% of the preceding month's income each month that the amount in his account exceeds $10.00 until the full filing fee of $402.00 is paid. *See* 28 U.S.C. § 1915(b)(2). A garnishment order will issue separately.

## II. Screening

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

### III.   Plaintiff's Complaint

By his Complaint, *pro se* Plaintiff brings a civil action against Defendant Columbus Police Department Officer Jackson Shepherd ("Defendant") (Filing No. 1). Plaintiff brings a Section 1983 claim for violation of his Fourth Amendment protection against unreasonable search and seizure based upon the Defendant illegally seizing his cellphone without a warrant on January 14, 2023, during a vehicle search. At this time, the Court has not determined that the action must be dismissed pursuant to § 1915(e) and therefore **shall proceed**. This ruling is without prejudice to the filing of a proper Rule 12 motion.

### IV.   Service of Process

Because Plaintiff is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service for Plaintiff. Accordingly, the Clerk is **designated** pursuant to Rule 4(c)(3) to issue process to Defendant Jackson Shepherd in the manner specified by Rule 4(d). Process shall consist of the Complaint (Filing No. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**SO ORDERED.**

Date:   4/7/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jarred Parton
Bartholomew County Jail
543 2nd Street
Columbus, IN 47201

Jackson Shepherd
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Financial Deputy Clerk